UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:14-cv-191-RJC

| | |
|---|---|
| MARLENE J. PILCHER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** comes before the Court on Plaintiff's Motion for Summary Judgment, Memorandum in Support, and Reply Memorandum, (Doc. Nos. 9, 10, 13); and Defendant's Motion for Summary Judgment and Memorandum in Support, (Doc. Nos. 11, 12).

**I.    BACKGROUND**

A.    Procedural Background

Plaintiff Marlene J. Pilcher ("Plaintiff") seeks judicial review of Defendant's denial of her social security claim. (Doc. No. 1). On July 1, 2011, Plaintiff protectively filed an application for a period of disability and disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 405, et seq., and also for supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. § 1383 et seq. In both applications, Plaintiff alleged an inability to work due to disabling conditions beginning on January 1, 2009. (Doc. Nos. 8 to 8-10: Administrative Record ("Tr.") at 241–45, 248–49, 288). The Commissioner initially denied Plaintiff's application on November 3, 2011, (Tr. 133, 151), and upon reconsideration on March 15, 2012, (Tr. 165, 176). Plaintiff filed a timely written request for a hearing on April 18, 2012. (Tr. 184).

On April 25, 2013, Plaintiff, represented by counsel, appeared and testified at a hearing before an Administrative Law Judge ("ALJ"). (Tr. 31–50). At the hearing, Plaintiff amended her onset date to March 12, 2012. (Tr. 14). The ALJ issued a decision on June 28, 2013, denying Plaintiff's claim. (Tr. 11–24). Plaintiff filed a request for review of the ALJ's decision on July 30, 2013, (Tr. 10), which was denied by the Appeals Council on September 22, 2014, (Tr. 1–7). Therefore, the June 28, 2013 ALJ decision became the final decision of the Commissioner on September 22, 2014.

Plaintiff's Complaint seeking judicial review and a remand of her case was filed in this Court on November 26, 2014. (Doc. No. 1). Plaintiff's Motion for Summary Judgment, (Doc. No. 9), was filed April 20, 2015, and Defendant's Motion for Summary Judgment, (Doc. No. 11), was filed June 11, 2015. The pending motions have been fully briefed and are ripe for adjudication.

B.  Factual Background

The question before the ALJ was whether Plaintiff was under a "disability" as that term of art is defined for Social Security purposes,[1] at any time between March 12, 2012, when Plaintiff's disabling conditions commenced, and the date of the ALJ's decision on June 28, 2013. To establish entitlement to benefits, Plaintiff has the burden of proving that she was disabled within the meaning of the Social Security Act. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987). The ALJ concluded that Plaintiff was not under a disability at any time from March 12, 2012, through the date of his decision, June 28, 2013. (Tr. 26).

---

[1] Under the Social Security Act, 42 U.S.C. §§ 301, et seq., the term "disability" is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

The Social Security Administration ("SSA") has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. § 404.1520(a). The five steps are:

(1) whether the claimant is engaged in substantial gainful activity—if yes, not disabled;

(2) whether the claimant has a severe medically determinable physical or mental impairment, or combination of impairments that meet the duration requirement in § 404.1509—if no, not disabled;

(3) whether the claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1 and meets the duration requirement—if yes, disabled;

(4) whether the claimant has the residual functional capacity ("RFC") to perform his or her past relevant work—if yes, not disabled; and

(5) whether, considering the claimant's RFC, age, education, and work experience, he or she can make an adjustment to other work—if yes, not disabled.

20 C.F.R. § 404.1520(a)(4)(i)–(v). In this case, the ALJ determined at step five that Plaintiff was not disabled. (Tr. 23).

Specifically, the ALJ first concluded that Plaintiff had not engaged in any substantial gainful activity since March 12, 2012, the alleged disability onset date. (Tr. 16). At step two, the ALJ found that Plaintiff had severe impairments of peripheral artery occlusion disease in the left lower extremity, coronary artery disease, obesity, chronic obstructive pulmonary disease, tobacco use, anxiety, and bipolar disorder. (Tr. 16–17). At the third step, the ALJ determined that Plaintiff

did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 17–18).

Next, the ALJ assessed Plaintiff's RFC and found that she retained the capacity to perform sedentary work except avoiding concentrated exposure to temperature extremes, fumes, dust, chemical, noxious odors, poor ventilation, and hazards. Plaintiff is further limited to performing simple, routine, repetitive tasks with only occasional interaction with the public and coworkers. (Tr. 18).

At the hearing, a vocational expert ("VE") testified regarding Plaintiff's past relevant work, (Tr. 47–48), and pursuant to the VE's testimony, the ALJ found that Plaintiff was unable to perform her past relevant work. (Tr. 22). At the fifth and final step, the ALJ concluded, based on the VE's testimony, that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (Tr. 23). Therefore, the ALJ concluded that Plaintiff was not under a "disability," as defined by the Social Security Act, at any time between March 12, 2012, and the date of his decision on June 28, 2013. (Tr. 24).

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. §§ 405(g), 1383(c)(3), limits this Court's review of a final decision of the Commissioner to determining: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards, Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979). The Social Security Act provides: "The findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v.

Heckler, the Fourth Circuit noted that "substantial evidence" is "more than a scintilla and must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

The Fourth Circuit has long emphasized that it is not appropriate for a reviewing court to weigh the evidence anew, or to substitute its judgment for that of the Commissioner, if the Commissioner's final decision is supported by substantial evidence. Hays, 907 F.2d at 1456; see also Smith v. Schweiker, 795 F.2d at 345. Indeed, this is true even if the reviewing court disagrees with the outcome. Provided there is "substantial evidence" in the record to support the final decision below, the Court will uphold the final decision. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## III.  DISCUSSION

On appeal to this Court, Plaintiff argues, among other things, that the ALJ failed to evaluate a relevant medical opinion and that the ALJ's RFC finding is unsupported by substantial evidence.[2] (Doc. No. 12 at 3). Specifically, Plaintiff contends that the ALJ failed to address Dr. Peter Morris's medical opinion, which contained greater limitations than those reflected in the ALJ's RFC finding, and failed to account for her significant mental limitations in the RFC finding.

"A necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013). Social Security regulations provide that the agency "will always consider the medical opinions in your case record

---

[2] Plaintiff also argues that the ALJ failed to properly evaluate other medical opinions, failed to properly evaluate her credibility, and provided an incomplete hypothetical to the VE. (Doc. No. 10 at 7). As discussed below, the Court does not reach these arguments as it finds in it analysis of the first two issues that the ALJ's decision is not supported by substantial evidence.

together with the rest of the relevant evidence" received, and they require an ALJ to "evaluate every medical opinion" regardless of its source. 20 C.F.R. §404.1527(b), (c). An ALJ is required not only to evaluate every opinion in the record but also to provide the analysis necessary for the reviewing court to meaningfully review the ALJ's treatment of those opinions. See Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015) (remanding because, among other things, the ALJ's opinion was "sorely lacking in the analysis needed for [the court] to review meaningfully [the ALJ's] conclusions"). When evaluating each medical opinion, the ALJ must consider all of the following: (1) whether the physician has examined the claimant; (2) the treatment relationship between the physician and the claimant, including the length, nature, and extent of the treatment relationship; (3) the supportability of the physician's opinion; (4) the consistency of the opinion with the record; and (5) whether the physician is a specialist. Id. This evaluation is necessary so that the ALJ can determine the weight to be given to each opinion. Id.; see also SSR 96-2p.

A reviewing court is unable to determine whether an ALJ's "findings are []supported by substantial evidence unless the Secretary explicitly indicates the weight given to all of the relevant evidence." Gordon v. Schweiker, 725 F.2d 231, 235 (4th Cir. 1984). This requires the ALJ "to indicate explicitly the weight accorded to the various medical reports in the record." Gordon, 725 F.2d at 236. A reviewing court may not find that an ALJ's decision is supported by substantial evidence "[u]nless the [ALJ] has analyzed all evidence and has sufficiently explained the weight he has given to obviously probative exhibits . . . ." Id.

Plaintiff contends that the ALJ erred by failing to analyze the records and opinions of Dr. Morris, who examined Plaintiff on April 3, 2010. (Doc. No. 7 at 7–8; Tr. 396–401). Defendant concedes that the ALJ did not analyze or discuss Dr. Morris's opinion. However, Defendant argues that Dr. Morris's April 2010 opinion is not relevant evidence that the ALJ was required to

explicitly evaluate because the opinion was dated almost two years prior to Plaintiff's alleged disability onset date. (Doc. No. 12 at 4).

It does not appear the Fourth Circuit has directly addressed an ALJ's consideration of medical evidence in the record which predates the claimant's alleged onset of disability.[3] SSA regulations, however, state that <u>all</u> evidence in the case record will be considered. See 20 C.F.R. §§ 404.1520(a)(3), 416.920(a)(3). Further, although it is not binding on this Court, other circuits have developed precedent that ALJs are required to examine the entire record including medical evidence prior to the alleged onset date. See <u>Carpenter v. Astrue</u>, 537 F.3d 1264, 1266 (10th Cir. 2008) (holding that the ALJ's failure to consider medical evidence prior to claimant's alleged onset of disability was reversible error); <u>Sayers v. Colvin</u>, No. 3:14-CV-00253-RCJ, 2015 WL 5092669, at *7–8 (D. Nev. Aug. 25, 2015) (citing <u>Marsh v. Colvin</u>, 792 F.3d 1170 (9th Cir. 2015), and holding that the ALJ committed reversible error by not mentioning a doctor's mental functional assessment of the claimant that was rendered nearly three years prior to the onset date); <u>Kish v. Astrue</u>, No. 10-CV-225-WDS, 2012 WL 996964, at *10 (S.D. Ill. Mar. 23, 2012) (finding the ALJ erred by failing to comment on a doctor's opinions rendered prior to onset of disability because the opinions involved many of the same impairments claimant was asserting as a basis of disability, which made the opinions relevant to the issue of disability); <u>but see</u> <u>Rivera v. Colvin</u>, No. 5:11-CV-569-FL, 2013 WL 2433515, at *3–4 (E.D.N.C. June 4, 2013) (finding harmless error where ALJ failed to address opinion given two years prior to plaintiff's alleged onset of disability because the opinion concerned injuries that had improved, and because the disability application was based upon a separate, intervening injurious event that occurred after the medical opinion had been

---

[3] The Court also notes that Defendant failed to cite any controlling law supporting her argument that an ALJ is not required to explicitly evaluate such medical opinion evidence.

given). Furthermore, although not directly on point, Plaintiff cites Bird v. Comm'r of Soc. Sec. Admin., 699 F.3d 337, 340–41 (4th Cir. 2012), in which the Fourth Circuit stated that the SSA should have considered evidence created more than six years after the relevant period because it could be reflective of a possible earlier and progressive degeneration. The Commissioner's own requirement that an ALJ consider all the evidence in the record, in combination with this analogous case law and precedent from other circuits, is compelling. Although some of the medical evidence in this case covers a period of time prior to Plaintiff's alleged onset date, that evidence involves the same impairments Plaintiff now asserts as a basis for disability. It could certainly be considered as supportive of Plaintiff's allegations of her physical and mental limitations. Therefore, the Court finds that this evidence, particularly Dr. Morris's opinion, is relevant to the issue of Plaintiff's current limitations and disability. The Court further finds that the ALJ's failure to evaluate Dr. Morris's opinion was not harmless because Dr. Morris's opinion contained further limitations that were not discussed or incorporated into the ALJ's RFC finding. Accordingly, the ALJ's decision is not supported by substantial evidence and this matter must be remanded to the Commissioner for further administrative proceedings.

Plaintiff also argues that the ALJ failed to fully account for her mental limitations in the RFC finding. The Court agrees and finds that the ALJ's RFC finding that limits Plaintiff to simple, routine, repetitive tasks with only occasional interaction with the public and coworkers does not sufficiently account for Plaintiff's moderate difficulties in concentration, persistence, or pace. See Mascio, 780 F.3d at 638. The Fourth Circuit found in Mascio that "an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." Id. (internal quotation marks omitted). Since the Mascio decision, district courts in this Circuit have considered whether additional limitations,

such as only occasional interaction with the public and coworkers, sufficiently account for a moderate limitation in concentration, persistence, or pace. The majority of district courts in North Carolina, including this Court, have found that they do not.[4] Accordingly, the Court finds that here, as in the majority of the cases noted, the limitations provided in the RFC do not adequately address Plaintiff's moderate limitations in concentration, persistence, or pace as required by Mascio.

In sum, the Court finds that the ALJ did not perform the required analysis or provide the necessary narrative discussion to support her findings. An explanation of how Plaintiff's mental

---

[4] See, e.g., Biddell v. Colvin, No. 1:15-cv-80-MOC, 2016 WL 815300, at *5 (W.D.N.C. Feb. 29, 2016) (finding that limitations to simple, routine, repetitive tasks involving only one- to three-step instructions, a non-production pace, occasional contact with the public, no intense interaction with supervisors and coworkers, in a setting with no confrontation or brainstorming and dealing with things and not people do not account for a claimant's moderate limitations in concentration, persistence, or pace); Weeks v. Colvin, No. 5:14-cv-155-D, 2015 WL 5242927, at *2 (E.D.N.C. Sept. 8, 2015) (holding that a limitation to simple, routine, repetitive tasks with only occasional contact with the general public and few workplace changes did not sufficiently address claimant's limitations in pace); Jones v. Colvin, No. 4:14-cv-200-RN, 2015 WL 4773542, at *4 (E.D.N.C. Aug. 13, 2015) (finding that limitations to simple, routine, repetitive tasks in a low production occupation that would require no complex decision making, constant change, or dealing with crisis situations did not account for the claimant's moderate limitations in concentration, persistence, or pace); Hagedorn v. Colvin, No. 2:12-cv-85-RLV, 2015 WL 4410288, at *4 (W.D.N.C. July 20, 2015) (finding that limitations to simple, routine, and repetitive tasks in a low-production, low-stress work setting accounted only for the claimant's ability to understand, carry out, and remember instructions, respond appropriately to work situations, and deal with changes in a routine work setting, but not for the claimant's moderate limitations in concentration); Salmon v. Colvin, No. 1:12-cv-1209-LCB, 2015 WL 1526020, at *3 (M.D.N.C. Apr. 2, 2015) (holding that a limitation to simple, routine, repetitive tasks in in which the claimant could apply commonsense understanding to carry out instructions furnished on a written, oral, or diagrammatic form did not account for moderate limitations in concentration, persistence, or pace nor the claimant's ability to say on task); but see Linares v. Colvin, No. 5:14-cv-120-GCM, 2015 WL 4389533, at *4 (W.D.N.C. July 17, 2015) (finding that limitations to simple, routine, repetitive tasks in a stable work environment at a nonproduction pace with only occasional public contact sufficiently accounted for the claimant's moderate limitations in concentration, persistence, or pace because the "nonproduction pace" accounted for limitations in pace and the "stable work environment with only occasional public contact" accounted for limitations in concentration and persistence).

limitations affect her ability to perform work-related functions, as well as her ability to perform those functions for a full workday, is necessary here. While the Court recognizes that determining Plaintiff's RFC is the ALJ's province, she must make clear to this Court that she considered all of Plaintiff's impairments in formulating the RFC and at steps four and five. As outlined above, a necessary predicate for this Court to engage in substantial evidence review is a record that adequately explains the ALJ's findings and reasoning. Because it is left to guess how the ALJ concluded that Plaintiff could perform the relevant functions in light of her mental impairments and other limitations in concentration, persistence, or pace, the Court finds that substantial evidence does not support the ALJ's decision and that remand is appropriate.[5]

## IV. CONCLUSION

Under the fourth sentence of 42 U.S.C. § 405(g), the Court has the "power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." See also Melkonyan v. Sullivan, 501 U.S. 89, 98 (1991). In light of the ALJ's lack of analysis and discussion of all relevant evidence and her lack of explanation and consideration of Plaintiff's mental RFC, the Court **reverses** the Commissioner's decision and **remands** the case for a new hearing.

On remand, the ALJ is directed to conduct a new hearing, take any action necessary to complete the administrative record, consider all relevant evidence, and issue a new decision consistent with Social Security regulations and this Order. Specifically, the ALJ is directed to: (1) consider, evaluate, and explain the weight afforded to all medical opinions in the record; (2)

---

[5] Having found remand necessary due to the ALJ's failure to consider Dr. Morris's opinion and her insufficient analysis and determination of Plaintiff's mental RFC, the Court need not address Plaintiff's remaining assignments of error.

reevaluate Plaintiff's mental impairments in accordance with Social Security regulations as well as <u>Mascio v. Colvin</u>, 780 F.3d 632 (4th Cir. 2015); (3) conduct a thorough function-by-function analysis that explicitly indicates the weight given to all of the relevant evidence, including all medical opinions, resolves any conflicts between such evidence, and explicitly discusses Plaintiff's limitations related to her mental impairments; (4) further consider and evaluate Plaintiff's RFC, including her mental RFC; and, if necessary, (5) obtain further vocational expert testimony. In conducting the function-by-function analysis, the ALJ must use "narrative discussion describing how the evidence supports each conclusion." <u>Mascio</u>, 780 F.3d at 636 (citing SSR 96-8p). A mere recitation of select evidence is not a sufficient substitute for the function-by-function analysis required by <u>Mascio</u>, particularly if there is contradictory evidence in the record.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Motion for Summary Judgment, (Doc. No. 9), is **GRANTED**;
2. Defendant's Motion for Summary Judgment, (Doc. No. 11), is **DENIED**; and
3. The Commissioner's decision is **REVERSED** and this matter is **REMANDED** for a new hearing consistent with this Order.

Signed: March 16, 2016

Robert J. Conrad, Jr.
United States District Judge